**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **ROBERT NELSON**, on behalf of himself, and for all others similarly situated,<br><br>**PLAINTIFFS**,<br><br>v.<br><br>**STATE OF OREGON**, acting by and through **OREGON DEPARTMENT OF CORRECTIONS**, a state agency, and **JACKSON COUNTY, OREGON**,<br><br>**DEFENDANTS**. | Case No. 6:17-cv-1239<br><br>**CLASS ACTION COMPLAINT**<br>(Title II of the ADA, § 504 of the Rehabilitation Act of 1973; ORS 659A.142)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Robert Nelson, individually for himself, and for all others similarly situated, for cause of action against the above-named defendants, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, and attorney fees and costs, to redress violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*. violations of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq;* and Or. Rev. Stat. § 659A.142.

2. This is a class action lawsuit based on the willful and deliberate refusal of the Defendants to comply with federal laws protecting the right of the Plaintiffs, who are deaf individuals in the custody or care of Defendants.

3. Defendants have failed to comply with federal laws, including the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 *et seq*. and Or. Rev. Stat. § 659A.142.

4. Through their policies and practices, Defendants discriminate against deaf individuals in its custody and care. Defendants have done this by failing to adequately assess the needs of deaf inmates for auxiliary aids during incarceration in the Santiam Correctional Institution (SCI) and denying deaf individuals in their custody adequate and equally effective means to communicate by telephone with individuals outside of jail. Defendants have also failed to provide adequate access to other auxiliary aids and services, including interpretive services, necessary to accommodate deaf individuals in a variety of settings including in connection with medical, educational, and religious services. Defendants also refuse to provide interpretation services to former inmates that are on probation.

5. As a result of Defendants' discriminatory policies and practices, deaf individuals in their custody, care, and supervision have experienced the following harms:



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

(a) Have been prevented from effectively communicating by telephone with family, friends, and attorneys outside of prison;

(b) Have been prevented from effectively communicating with probation officers; and

(c) Have been excluded from participation in medical, educational, and religious services offered by Defendants, including those required under the terms of their sentencing;

## II. JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question).

7. This court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367, as they so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has jurisdiction to enter a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et al*.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District and all of the defendants reside in this District.

## III. PARTIES

10. Plaintiff Robert Nelson (hereinafter "Nelson") is a citizen of the United States of America. Nelson is a resident of Central Point, Jackson County, Oregon.

11. Nelson is a qualified individual with a disability. Nelson has a hearing disability, to wit, he is profoundly deaf. Nelson has been deaf his entire life. Nelson's primary language and



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

preferred method of communication is through American Sign Language (ASL). ASL is different from English and Nelson's ability to communicate in English is inferior to his ability to communicate in ASL. Nelson uses video conferencing to communicate. Nelson watches television with the assistance of the closed captioning function. Nelson was incarcerated in SCI in Salem, Marion County, Oregon, from September 2014 to March 2, 2016. Since his release from SCI, Nelson has been on probation under the supervision of Oregon Department of Corrections Community Corrections Division in Jackson County.

12. Nelson is bringing this action on behalf of himself and on behalf of a class of persons similarly situated, pursuant to the provisions of Fed. R. Civ. P. 23. This suit is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (3). Plaintiff represents all former, current, and future deaf inmates of Oregon Department of Corrections.

13. Defendant Oregon Department of Corrections (ODOC) is an agency of the State of Oregon. ODOC owns and operates the correctional facilities in Oregon, including Coffee Creek Correctional Facility (CCCF) and SCI and is responsible for the inmates in those facilities. ODOC is a public entity subject to Title II of the ADA. ODOC is a recipient of federal financial assistance and subject to Section 504 of the Rehabilitation Act of 1973.

14. Defendant Jackson County, Oregon, is a political subdivision of the State of Oregon, and employs probation officers that are under the direction of the Oregon Department of Corrections Community Corrections Division.

## IV. GENERAL FACTUAL ALLEGATIONS

15. Individuals in Defendant's custody are wholly dependent upon it for medical, dental, education, mental health, employment, and religious services. Individuals in Defendant's custody in OSP are also dependent upon Defendants and jail staff for all of their basic daily needs,



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

including food, exercise, recreation, and safety.

16. For deaf individuals who rely on American Sign Language (ASL) as their primary form of communication, use of a qualified ASL interpreter is necessary to ensure effective communication between a deaf individual and an individual who does not sue ASL to communicate.

17. A qualified ASL interpreter is necessary because ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English. It is not simply English in hands signals. ASL has its own vocabulary, and its own rules for grammar and syntax.

18. Defendants, through their policies and practices, fail to provide adequate access to sign langue interpreters for deaf individuals in its custody and control and under their supervision.

19. ODOC is responsible for the medical, psychological and mental health care of all individuals incarcerated by ODOC.

20. Deaf individuals who rely on ASL require sign language interpreters to communicate effectively with medical and mental health staff.

21. ODOC knew or should have known that deaf individuals need sign language interpreters for their medical and mental health appointments.

22. Deaf inmates in ODOC custody are still denied interpreter services at medical and mental health appointments, as well as during religious services, educational services, and other programs offered to hearing inmates.

23. ODOC provides educational, mental health, religious and counselling programs for individuals in their custody.

24. ODOC does not consistently provide interpreters for such programs including for



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

education classes, counseling, substance abuse counseling, even when such programs are required under the terms of the inmates sentences.

25. ODOC has engaged in a pattern and practice of discrimination by denying Nelson and other deaf inmates effective communication, auxiliary aids, and equal participation in programs and activities at SCI including but not limited to communication with friends, family and attorneys by telephone, full enjoyment of educational, religious and medical services, and communication with corrections officers, medical staff, and other employees of ODOC.

**V. FACTS PERTAINING TO PLAINTIFF**

26. On or about July 28, 2014, Nelson was transferred from Jackson County Jail to CCCF for intake.

27. The last week of September 2014, Nelson was transferred to SCI. Nelson was not provided with an ASL interpreter at any time during his incarceration at SCI. After arriving at SCI, Nelson was assigned a counsellor, Melinda Arnold, who claims to be self-taught in ASL. She indicated that she learned entirely from an introductory book entitled "the ABCs of Sign Language", and was not a fluent or competent signer. Arnold is not a certified ASL interpreter. Arnold communicated with Nelson through a combination of written notes, rudimentary signing, and gestures.

28. Nelson told Arnold that he wanted to have access to an ASL interpreter. Nelson could not understand Arnold well. At first he signed and then wrote that he wanted an ASL interpreter. Arnold indicated ODOC would not provide one but that she was all he would have access to at SCI. At no time did Arnold or defendant conduct an assessment of Nelson's need for accommodations or auxiliary needs.

29. Nelson indicated to Arnold that he wanted to attend church services as he is a



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Christian. Arnold told Nelson that ODOC would not provide interpretation services to Nelson so that he could understand the church services. During Nelson's incarceration he was never provided with an ASL interpreter for church services.

30. Nelson was unable to access the balance of his inmate account because ODOC failed to accommodate his disability. This information was accessible to hearing inmates by use of the telephones.

31. Nelson was unable to effectively communicate with ODOC medical staff because ODOC failed to accommodate his disability. Plaintiff needed regular medical care due to a serious medical condition from which he suffers. Nelson requested but was not provided with an ASL interpreter by the ODOC medical staff at SCI. Medical staff only communicated with Nelson by showing him written documents such as medical records and by asking him to write his responses, give a thumbs up or nod his head.

32. Nelson had problems with using the video phone at SCI. The video phone was moved from the area by the telephones to another room that doubled as a utility closet/kitchen. This was a high traffic area where a lot of people were looking over him and reaching over him while he is attempting to sign. The space behind him was a supply cage and many times he would have to move or stop his conversations because of interruptions from other inmates. Also other inmates would peer over and point at the interpreter and make comments about her appearance. This was distracting and made it very difficult to talk to people. The door to this room was locked and Nelson only had access to the video phone with permission from ODOC staff. Often ODOC staff would not unlock the room and he would not be able to access the video phone. The bank of telephones for hearing inmates was not locked and they could use them at any time.

33. Nelson was required to take a class called "Road to Success", before he could be



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

released. Arnold was the person that interpreted the video presentation and books of this class. She only gave Nelson what she thought he needed to know and she was not competent to provide instruction in ASL. This class involved videos that did not contain closed captioning and during the class on several occasions Arnold would leave in the middle of the class leaving Nelson there with no interpretation at all.

34. There was no visual notifications system for lights-out, yard-out or meal times. SCI has an audio notifications system that deaf inmates cannot hear. The lights at SCI turned off without visual warning but hearing inmates were given forewarning through audio notifications.

35. On March 2, 2016, Nelson was released from SCI on probation. Nelson's probation is to last until June 2019. As a condition of his release, Nelson is required to communicate and meet with his probation officer.

36. On his release, Nelson met with his probation officer in Jackson County, Oregon. The officer asked if he could pass notes back and forth or type on his computer screen to communicate. Nelson responded that he needed an ASL interpreter. Nelson's probation officer told him that an ASL interpreter would not be provided because it is too expensive. Nelson's probation officer has not provided an ASL interpreter to communicate with him.

## VI. CLASS ACTION ALLEGATIONS

37. This action is also brought as a class action under Rule 23 of the Federal Rules of Civil Procedure. ODOC's conduct has been systematic and continuous and has affected and continues to affect large numbers of deaf individuals. Nelson brings this class action to secure redress for ODOC's uniform and common practice of failing to provide auxiliary aids and reasonable accommodations. ODOC's obligations and conduct have been uniform throughout the Class Period.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

38. Nelson seeks certification of the following opt-out class:

a. All persons in the State of Oregon who are deaf and have been incarcerated by ODOC during the Class Period.

b. All persons in the State of Oregon who are deaf and are or have been on probation during the Class Period.

c. All persons in the state of Oregon who are deaf and have received medical or mental health services while incarcerated by ODOC during the Class Period.

d. The Class Period runs for 2 years from the filing of this Complaint.

e. Excluded from the Class are Nelson's counsel and the assigned Judge and the Judge's family.

f. The proposed Class is so numerous as to make it impractical to bring all Class Members before the Court.

g. The named Plaintiff is typical of members of the class. He was a deaf inmate during the Class Period who was incarcerated in SCI and was not provided with auxiliary aids or reasonable accommodations.

h. There are numerous and substantial questions of law and fact common to all of the Members of the Class that predominate over any individual issues. Included within the common questions of law and fact are:

i. Whether ODOC and the County failed to provide auxiliary aids to Nelson and the Members of the Class in the form of video phones, ASL interpreters, remote video interpreters, and closed-captioning;

ii. Whether ODOC's conduct constitutes violations of Title II of the



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Americans with Disabilities Act;

iii. Whether ODOC's conduct constitutes violations of Section 504 of the Rehabilitation Act of 1973;

iv. Whether Nelson and the Members of the Class have sustained damages and the proper measure of those damages; and

v. Whether Nelson and Class Members have suffered and will continue to suffer irreparable harm from Defendants' failure to comply with the law.

i. Nelson has no interests adverse to the interests of other Members of the Class and will fairly and adequately protect the interests of the Class.

j. Nelson has retained counsel experienced and competent in the prosecution of class actions and complex litigation.

k. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Defendants refusal during the Class Period to provide auxiliary aids and reasonable accommodation to its deaf inmates, the Class Members will be unable to obtain the relief to which they are entitled.

39. Most individual Members of the Class have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the relatively small damages suffered by each Member of the Class.

40. This action will allow an orderly and expeditious administration of class claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

41. This action should present no difficulty that would impede its management by the Court as a class action and is the best available means by which Nelson and the Members of the Class can seek redress for the harms caused to them by ODOC.

## VII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (Title II of the ADA—42 U.S.C. §12131 et seq.)

42. This claim is brought against both Defendants by Plaintiff on behalf of himself and a class of similarly situated individuals.

43. Nelson and Members of the Class re-alleges the prior paragraphs as though fully set forth herein.

44. ODOC is a "public entity" as that term is defined in 42 U.S.C. §12131(1).

45. Jackson County is a "public entity" as that term is defined in 42 U.S.C. §12131(1).

46. Nelson and Members of the Class are qualified individuals with a disability as that term is defined in § 12131(2). Nelson has been deaf all his life. Nelson meets the eligibility requirements for participation in the programs or activities of defendants' which he sought.

47. At all relevant times, defendants were aware of Nelson's physical disabilities, namely that Nelson was deaf. Defendants had notice that an auxiliary aid was necessary for deaf and hard of hearing inmates or prisoners, including Nelson, to effectively communicate with the corrections officers at booking, to use the telephone, to talk to corrections officers, medical staff, counselors, to fully use television during his time in jail, to communicate with probation officers, and to participate in defendants other services or programs. Defendants failed to assess the needs of Nelson and other deaf and hard of hearing individuals.

48. Defendants are violating 42 U.S.C. § 12132 and its accompanying regulations by



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

committing the following discriminatory acts or practices:

a. Failing to provide an ASL interpreter or appropriate auxiliary aids for communication;

b. Failing to provide closed-captioned audio/video presentations as alleged above;

c. Failure to provide videophones on equal terms with telephones;

d. Failing to provide other auxiliary aids such as remote video interpreting;

e. Intentionally refusing to provide Nelson and Members of the Class with an equally effective method of communication as is provided to other inmates;

f. Maintaining a pattern or practice of discrimination against Nelson and all other deaf inmates;

g. Intentionally failing to accommodate Nelson and Members of the Class's disability by refusing to provide an ASL interpreter of other appropriate auxiliary aids;

h. Maintaining an environment of hostility toward Nelson and Members of the Class based on his disability and toward other deaf inmates; and

i. Intentionally denying Nelson and Members of the Class participation in programs or activities that is equal to the participation of non-disabled inmates.

49. ODOC's conduct showed deliberate indifference to Nelson and Members of the Class's rights because ODOC knew that Nelson requested auxiliary aids for communication, disregarded his requests without making an effort to determine if it was possible to accommodate his request, and denied multiple requests for accommodations over the course of several weeks.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

50. As a result ODOC's unlawful actions, Nelson suffered and continues to suffer humiliation, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights.

51. Nelson and Members of the Class are entitled to equitable relief and compensatory damages in an amount to be determined at trial. Nelson's damages are not expected to exceed $150,000. Nelson reserves the right to amend this amount prior to or during trial, as the evidence requires.

52. Nelson and Members of the Class are entitled to injunctive relief as against ODOC, including but not limited to an order prohibiting ODOC from continued discrimination against people with disabilities by refusing to provide adequate ASL interpreters and other auxiliary aids to deaf persons and an order mandating full compliance with Title II of the ADA.

53. Nelson and Members of the Class are entitled to a declaration that ODOC violated Title II of the ADA.

54. To the extent any amount awarded to Nelson and Members of the Class is for damages occurring prior to the entry of judgment, Nelson and Members of the Class are entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

55. Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Nelson and Members of the Class are entitled to an award of attorney's fees, expert witness fees and costs incurred.

56. Nelson and Members of the Class are entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**SECOND CLAIM FOR RELIEF**
**(The Rehabilitation Act of 1973, Section 504—29 U.S.C. § 701 *et seq*.)**



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

57. Nelson and Members of the Class re-alleges the prior paragraphs as though fully set forth herein.

58. This claim is brought against both Defendants by Plaintiff on behalf of himself and a class of similarly situated individuals.

59. Nelson and Members of the Class are qualified individuals with disabilities or handicap under the Rehabilitation Act because he/they are deaf.

60. Nelson and Members of the Class were otherwise qualified to receive the benefit of the services made available to inmates.

61. At all times material, ODOC and Jackson County were and are recipients of federal financial assistance for theirs programs and activities.

62. Defendants' actions and omissions as described above violated Nelson and Members of the Class's rights under the Rehabilitation Act by excluding them or denying them the benefits of ODOC's services solely because of their disability.

63. Defendants conduct showed deliberate indifference to Nelson and Members of the Class's rights because Defendants knew that they requested auxiliary aids for communication, disregarded their requests without making an effort to determine if it was possible to accommodate his request, and failed to provide an adequate auxiliary aid in lieu of a qualified interpreter.

64. Nelson and Members of the Class sustained emotional distress and damages due to Defendants violation of the Rehabilitation Act.

65. Pursuant to Section 505 of the Rehabilitation Act, Nelson and Members of the Class are entitled to compensation for their damages and an award of attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**(ORS 659A.142)**



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

66. Nelson re-alleges all relevant paragraphs as though fully set forth herein.

67. Jackson County is a place of public accommodation as that term is defined in ORS 659A.400.

68. ODOC is a "state government" as used in ORS 174.111

69. Nelson is an "individual with a disability" as that term is defined in ORS 659A.104.

70. At all relevant times, defendants were aware of Nelson's physical disabilities.

71. Defendants damaged Nelson in violation of ORS 659A.142 by committing the following discriminatory acts or practices: failing to provide an ASL interpreter so that Nelson can participate equally in defendants' services, including medical, educational, religious services and probation services.

72. Nelson is entitled to injunctive relief, including, but not limited to, an order prohibiting defendants from continued discrimination against people with disabilities and an order mandating full compliance with ORS 659A.142.

73. Nelson is entitled to a declaration that defendants violated ORS 659A.142.

74. Pursuant to ORS 659A.885, Nelson is entitled to an award of attorney's fees, expert witness fees, and costs incurred.

## VII. PRAYER FOR RELIEF

Nelson and the Members of the Class seek judgment against ODOC and Jackson County, and request that this Court enter an Order as follows:

A. Accepting jurisdiction of this case and declaring that ODOC and Jackson County violated Title II of the ADA;

B. Accepting jurisdiction of this case and declaring that ODOC and Jackson County violated Section 504 of the Rehabilitation Act of 1973;



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

C. Injunctive and other equitable relief as the Court deems appropriate, including but not limited to, an Order:

1. Requires defendant to institute a program instructing all employees on the proper and legal obligations to deaf inmates;

2. Requires defendant to develop and implement written materials for disabled inmates, which will be provided to them at the time of their arrival at defendant's facilities, providing disabled inmates notice of their rights pursuant to, and of the availability of accommodations under, Title II of the ADA, the Rehabilitation Act, and ORS 659A.142;

3. Requires defendant to implement and enforce an effective communications policy that covers all services, programs, and activities offered at its prisons;

4. Requires defendant to implement a grievance procedure to resolve disability related issues and advise disabled inmates of their rights to access this grievance procedure;

5. Requires defendant to enter into a contract with one or more interpreting services to provide interpreters for deaf or hearing impaired inmates to provide equal access to programs and services, including medical and dental appointments, counseling sessions, educational programs, religious services, orientation sessions, and other classes and programs offered by defendant;

6. Requires defendant to only use qualified interpreters when interpreters are used to communicate with deaf or hearing impaired inmates;

7. Requires defendant to develop and implement a plan to conduct a fact-specific investigation for deaf or hearing impaired inmates as to what auxiliary aids



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

are necessary and appropriate to ensure equal access to its facilities' services, programs, and activities, including but not limited to ensuring effective communication;

8. Requires defendant to allow deaf or other hearing impaired inmates the same access to the video phones as hearing inmates have with telephones;

9. Requires defendant to develop and implement a system of notifying deaf or hearing impaired inmates of yard out bells, meal bells, and any other forms of simple communication to all inmates in the block or prison population;

D. A sum which will fully compensate Nelson and Members of the Class for their noneconomic damages in a sum that is just as determined by a jury;

E. A sum which will fully compensate Nelson and Members of the Class for their economic damages in a sum that is just as determined by a jury;

F. Nelson and Members of the Class's costs and disbursements incurred herein;

G. Nelson and Members of the Class's attorney fees; and

H. For such other and further relief as the Court may deem just and equitable.

**Nelson demands a trial by Jury, on behalf of himself, and for all others similarly situated.**

DATED August 9, 2017

**Law Offices of Daniel Snyder**

*/s/ John Burgess*

Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff